**SID RICHARDSON CARBON & GAS-OLINE CO., Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 4–809–CA.**

United States District Court
N. D. Texas,
Fort Worth Division.
June 12, 1968.

Harry C. Weeks, Fort Worth, Tex., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM M. TAYLOR, Jr., District Judge.

The above-styled and numbered cause came on regularly to be heard on May 27, 1968, and came the parties, plaintiff and defendant, by their attorneys of record, and announced ready for trial. A jury being waived, all matters of fact and law were submitted to the Court. The case was heard upon the admissions in the pleadings, a stipulation of facts, oral testimony, and documentary evidence, after which and after hearing the argument of counsel, the Court held for the plaintiff and in accordance with this holding, makes and enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The plaintiff, Sid Richardson Carbon & Gasoline Co., is a Texas corporation with its principal office in Fort Worth, Tarrant County, Texas. It kept its books and records and made its income tax returns upon the accrual basis and for fiscal year periods ending on November 30. Its income tax return for the fiscal year ended November 30, 1962, was filed with the District Director of Internal Revenue at Dallas, Texas. With respect to this return, the plaintiff paid to said District Director the following income taxes and interest thereon:

| | | |
|---|---|---|
| August 14, 1962 | Paid on estimated tax | $156,716.08 |
| November 14, 1962 | Paid on estimated tax | 156,716.08 |
| February 13, 1963 | Installment payment | 209,829.57 |
| May 15, 1963 | Installment payment | 209,829.57 |
| November 15, 1965 | Assessed deficiency | 3,254.73 |
| November 15, 1965 | Interest on assessed deficiency | 531.99 |

None of the tax or interest so paid has been refunded to plaintiff or otherwise allowed to it.

2. In its income tax return for the period ended November 30, 1962, plaintiff deducted as a charitable contribution, in addition to other amounts deducted as such contributions, $100,000 paid on that date to Sid W. Richardson Foundation, a Texas nonprofit corporation. Upon audit of said income tax return, the deduction of $100,000 was wholly disallowed, and other adjustments, reducing and otherwise changing the income reported in the return, were made. The total of these adjustments resulted in the assessment of the aforesaid deficiency in tax of $3,254.73 and the interest of $531.99 which was paid thereon.

3. On or about February 24, 1966, plaintiff duly filed with the District Director of Internal Revenue at Dallas, Texas, a claim for the refund of $35,053.-50 of the income tax so paid by it for the fiscal year ended November 30, 1962, as well as interest thereon. This claim was based upon the contention that the $100,000 contribution made by plaintiff to Sid W. Richardson Foundation was allowable as a deduction from income within the five percent limitation contained in Section 170 of the Internal Revenue Code of 1954. This claim was rejected in full on April 22, 1966. This suit was filed March 23, 1967. Defendant thereafter filed a motion for partial judgment, based upon the contention that applicable statutes of limitation barred the plaintiff's right to recover more than the tax and interest so paid on November 15, 1965. This motion was granted and an order entered limiting the claim of plaintiff to $3,786.72, with interest according to law.

4. The contribution of $100,000 was made pursuant to a resolution passed by unanimous vote of the board of directors of plaintiff at a meeting held on November 29, 1962. The motion to adopt this resolution was made by Perry R. Bass and seconded by E. W. Sampson, and read:

RESOLVED that Sid Richardson Carbon & Gasoline Co. contribute $100,000.00 to Sid Richardson Foundation, and that check in that amount, made payable to Sid W. Richardson Foundation, be issued.

This payment was duly made on November 30, 1962, and this action was ratified by plaintiff's stockholders on January 2, 1963.

5. The net income of plaintiff for its fiscal year ended November 30, 1962, was $1,468,845.19, after deducting charitable contributions allowed in the amount of $6,349.14, and without allowing any portion of the $100,000 so contributed to Sid W. Richardson Foundation.

6. Sid W. Richardson Foundation (Foundation), is a nonprofit corporation chartered under the laws of Texas in 1947 without capital stock or stockholders. From its organization, and at all pertinent times thereafter, Foundation was classified by the Internal Revenue Service as an organization exempt from income tax under what is now Section 501(c) (3) of the Internal Revenue Code of 1954, and as an organization contributions to which were deductible within the purview of what is now Section 170(c) (2) of the Internal Revenue Code of 1954. Foundation was created by the late Sid W. Richardson, who died in September 30, 1959. At all times pertinent to this proceeding, its directors were: E. W. Sampson, Perry R. Bass, Nancy Lee Bass, Annie Richardson Bass, and M. E. Chappell. Perry R. Bass was a nephew of Sid W. Richardson, Nancy Lee Bass was the wife of Perry R. Bass, Annie Richardson Bass, his mother, and a sister of Sid W. Richardson. E. W. Sampson was president of Foundation. He and M. E. Chappell were employed in various other capacities by business enterprises with which Perry R. Bass or members of his immediate family were connected.

7. At all pertinent times, the plaintiff had four directors, consisting of Perry R. Bass, Frank M. Andrews, E. W. Sampson, and M. E. Chappell. From on or about January 1, 1962, and until about the middle of 1964, the stock of plaintiff was owned 75 percent by Foundation and 25 percent by Perry R. Bass. At his

death on September 30, 1959, Sid W. Richardson owned 75 percent of the stock of plaintiff and Perry R. Bass owned 25 percent. The will of Sid W. Richardson bequeathed the residue of his estate to Foundation, and his stock in plaintiff fell into the residue and was delivered to Foundation with the remainder of the residue of the estate on or about January 1, 1962, at which time the administration of the Sid W. Richardson Estate terminated. To accomplish this termination, Foundation borrowed $30,000,000 to pay off the balance of the estate and inheritance taxes then due and unpaid by the Sid W. Richardson Estate, and assumed other substantial liabilities.

8. Perry R. Bass was, at all pertinent times, president and chief executive officer of the plaintiff. He received a salary for his services as such, but he received no payment, benefit, or other advantage to which he would have been entitled, as a stockholder of plaintiff, if the $100,000 payment by plaintiff to Foundation involved in this proceeding had been a dividend.

9. From its organization until the year 1962, Foundation had received contributions, other than the residue of the Sid W. Richardson Estate, totaling $1,020,500. These came from Sid W. Richardson and Perry R. Bass, individually, from a partnership owned by them, and from corporations wholly or substantially owned by Sid W. Richardson. All such contributions were deducted as such by the respective donors in income tax returns filed by them, and all were allowed as such except the $100,000 involved in this proceeding. During the same period, Foundation made contributions to various qualified donees totaling $819,247.46. It was the practice of Sid W. Richardson and Perry R. Bass and the business enterprises owned by them to make contributions to Foundation from time to time, in lieu of making contributions to the charities which they desired to support, and for the Foundation to use the donations so received by it in supporting charities selected by Foundation, except when it was deemed advisable, in consideration of public relations, to make comparatively small donations to charities in the localities where some of the donors did business. It was not the policy of the Foundation to operate charitable enterprises, but to use its funds to support such enterprises operated by others. As used herein, the term "charities" includes religious, educational, and cultural organizations.

■ 10. The payment of $100,000 by plaintiff to Foundation involved in this proceeding was intended as a contribution and was not intended to be a dividend.

11. The $100,000 contribution by plaintiff to Foundation involved in this proceeding was deductible by plaintiff as a charitable contribution in computing its taxable income for the fiscal year ended November 30, 1962, within the five percent limitation on contributions by corporations contained in Section 170 of the Internal Revenue Code of 1954.

12. In its fiscal year 1963, plaintiff contributed $37,500 to Foundation, and at the same time, contributed $12,500 to the Bass Foundation, a tax-exempt organization which had been organized by Perry R. Bass. Foundation disposed of its holdings of stock in plaintiff in 1964, and received no contributions from plaintiff after the $37,500 contributed in 1963. In 1964, plaintiff made a contribution of $25,000 to the Perry R. Bass Foundation.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and the cause of action under Section 1346(a) (1), Title 28, United States Code. There are no procedural questions involved.

■ 2. The disposition of this case is controlled by the mandatory provisions of Section 170(a) (1) of the Internal Revenue Code of 1954, which directs that:

> There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year
> *  *  *

provided that the total contributions so to be allowed in any taxable year in the case of a corporation such as plaintiff do not exceed five percent of the net income of the donor corporation, calculated, insofar as pertinent here, before any allowance for charitable contributions. The five percent limit was $73,759.71, and since plaintiff was allowed to deduct contributions to others of $6,349.14, $67,-410.57 of the $100,000 contribution made by plaintiff to Sid W. Richardson Foundation was properly deductible in computing plaintiff's taxable income for the fiscal year ended November 30, 1962.

3. The instant case is distinguishable from United States v. Knapp Bros. Shoe Manufacturing Corp., 384 F.2d 692 (C.A. 1st, 1967), and Crosby Valve & Gage Co. v. Commissioner of Internal Revenue, 380 F.2d 146 (C.A. 1st, 1967), relied upon by the defendant to support its contention that the $100,000 payment was a dividend to Foundation and not a deductible contribution, because in each of these cases, the charitable donee either actually or beneficially owned all of the donor corporation, and in each case, the donor organization was acquired as a "feeder" to the charitable organization; whereas, in the instant case, Foundation acquired the 75 percent of the stock of plaintiff, held by it at the pertinent times, involuntarily and as a part of the bequest of the residue of the Estate of Sid W. Richardson. Further, in case of doubt or conflict, the doubt should be resolved in favor of the charity. Helvering v. Bliss, 293 U.S. 144, pp. 150, 151, 55 S.Ct. 17, 79 L.Ed. 246.

4. Plaintiff is entitled to recover of defendant $3,786.72, with interest from November 15, 1965, as allowed by law, and costs of suit.

5. Any conclusion contained in these conclusions of law which may properly be construed, in whole or in part, as a finding of fact, shall be so deemed and treated as if specifically set forth in the findings of fact, and any finding contained in the foregoing findings of fact which may properly be construed, in whole or in part, as a conclusion of law, shall be so deemed and treated as if specifically set forth in these conclusions of law.